ALFRED J. AND JOYCE C. PALLANTE, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Pallante v. Commissioner
Docket No. 9611-88
United States Tax Court
T.C. Memo 1989-334; 1989 Tax Ct. Memo LEXIS 339; 57 T.C.M. (CCH) 918; T.C.M. (RIA) 89334; July 13, 1989
Harry Citrino, Jr., for the petitioners. Keith L. Gorman, for the respondent. WELLS
MEMORANDUM OPINION WELLS, Judge: Respondent determined a deficiency in petitioners' Federal income tax for taxable year 1986 in the amount of $ 2,084.00. After concessions, the issues for decision are (1) whether petitioners are entitled to miscellaneous deductions in the amount of $ 1,510.00; (2) whether petitioners are entitled to deduct charitable contributions in the amount of $ 325.00; (3) whether petitioners are entitled to deduct a rental loss in the amount of $ 3,123.00; and (4) whether respondent's assessments are barred by the period of limitations. At trial respondent moved to dismiss for failure properly to prosecute, and after trial respondent moved to amend his answer to assert the addition to tax for fraud *340 under section 6653(b) of the Internal Revenue Code of 1986. Petitioners resided in Philadelphia, Pennsylvania, when their petition in this case was filed. At trial petitioners' counsel entered an appearance on behalf of petitioners, but petitioners themselves were not present to testify. Petitioners did not call any witnesses at trial. Instead, petitioners' counsel presented to the Court various unauthenticated documents to which respondent maintained hearsay and relevancy objections. Petitioners have the burden of proof. Rule 142(a), Tax Court Rules of Practice and Procedure. Because petitioners presented no evidence at trial on any issue and because the documents offered by petitioners are not competent evidence, we hold for respondent with respect to the deductions in issue. With respect to the period of limitations, petitioners timely filed their return for 1986. The statutory notice of deficiency in the instant case was mailed to petitioners on February 17, 1988, well within three years of the due date of petitioners' return for 1986, i.e., April 15, 1987. Section 6501(a) of the Internal Revenue Code of 1986. Thus, the *341 notice of deficiency was timely issued. Respondent's motion to amend his answer to assert the fraud addition to tax is based upon his allegation that petitioners had provided forged documents to respondent's representatives to substantiate some of the deductions in issue. Respondent states in his brief that shortly before trial it came to the attention of respondent's counsel that those documents were forged. Thus, it appears that although the allegedly forged documents had been presented to respondent prior to trial, respondent failed to raise the issue of fraud prior to or at the beginning of trial. After trial began, respondent knew that petitioners would not appear and therefore would not be present to present evidence in opposition to respondent's assertions respecting fraud. Whether to grant respondent's motion to amend is within the sound discretion of the Court. Law v. Commissioner,84 T.C. 985, 990 (1985). Given the circumstances, respondent's motion to amend his answer will be denied. Respondent's motion to dismiss will also be denied. To reflect concessions by respondent, Decision will be entered under Rule 155.